IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DWAUN E. FLEMING, SR.,

                            Plaintiff,                          OPINION AND ORDER

        v.                                                          24-cv-452-wmc

DIANA L. SIMMONS, WALSE,
 and JOHN AND JANE DOES,

                            Defendants.

Plaintiff Dwaun Fleming, Sr., who is incarcerated and representing himself, has filed a proposed complaint under 42 U.S.C. § 1983, claiming that medical staff at Dodge Correctional Institution acted with deliberate indifference to his medical need for surgery on his right hand and a low bunk restriction, in violation of the Eighth Amendment.  As a prisoner who seeks leave to proceed in forma pauperis, the court must screen and dismiss any claim that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant who by law cannot be sued for money damages.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  When screening a complaint drafted by a non-lawyer, the court applies a less stringent standard.  *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).  However, a pro se plaintiff must still allege enough facts to show that he is plausibly entitled to relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).  For the following reasons, the court concludes that plaintiff's current allegations fail to state a claim upon which relief can be granted, but he will be given a brief opportunity to amend his complaint as outlined below.

ALLEGATIONS OF FACT[1]

Plaintiff Dwaun Fleming, Sr. is currently incarcerated at Jackson Correctional Institution in Neenah, Wisconsin, but the events in question all occurred at Dodge Correctional Institution, where defendant Diana Simmons is employed as an advanced nurse practitioner and defendant Walse as a nurse.  On June 21, 2023, an orthopedic surgeon recommended that plaintiff receive metacarpal arthroscopy surgery on his fourth finger to alleviate pain, undergo physical therapy, and be issued a low bunk restriction.  However, around June 27, 2023, defendant Simmons noted in plaintiff's chart that the medical director at Dodge had denied preauthorization for the surgery.  Plaintiff received a letter from the Health Services Unit ("HSU") on the same day, stating that a previous specialist had opined in March 2021, that surgery would not improve plaintiff's outcome and that he nonetheless had used his right hand in a fight in February 2021.  The letter further stated that plaintiff could arrange to get the metacarpal arthroscopy after he was released from prison, but in the meantime, he could submit a request for a low bunk restriction with the special needs committee.

Plaintiff submitted a request for a low bunk restriction on July 6, 2023, but defendant Walse responded the next day that plaintiff did not qualify for the restriction based on an evaluation performed at a recent physical.  Walse told plaintiff that he should use his left hand for better control when climbing to a top bunk.  Plaintiff alleges without explanation that he was denied surgery and a low bunk because he is Black.

---

[1] Unless otherwise indicated, the allegations of facts in plaintiff's complaint are taken as true for purposes of screening.

OPINION

Plaintiff claims that he was denied specialist-recommended surgery and a low bunk restriction for right hand pain, in violation of his Eighth Amendment rights. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (prisoners protected from hazardous prison conditions); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (prisoners protected from grossly inadequate medical care); *Pyles v. Fahim*, 771 F.3d 403, 408 (7th Cir. 2014). However, plaintiff's allegations are not sufficient to state an Eighth Amendment claim against either Simmons or Walse because he fails to allege that either provider was responsible for the denial or his surgery and low bunk restriction. *See Gonzalez v. McHenry Cnty., Ill.*, 40 F.4th 824, 828 (7th Cir. 2022) (Section 1983 lawsuits "require personal involvement in the alleged constitutional deprivation to support a viable claim."). At most, plaintiff's allegations suggest that Simmons merely noted the denial of surgery in his chart, and Walse was communicating that no low bunk restriction had been recommended by another provider during a recent physical. Moreover, plaintiff's allegations suggest that neither Simmons nor Walse had any authority to provide plaintiff the care he sought: he alleges that the medical or HSU director was responsible for approving surgeries, and that the special needs committee was responsible for issuing medical restrictions.

In addition, plaintiff fails to allege what the Doe defendants did or did not do to violate the Eighth Amendment. *See* Fed. R. Civ. P. 8(a)(2) (pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"). For instance, he fails to allege whether these individuals were medical providers, where they worked, or what they personally did or failed to do that resulted in harm.

The Seventh Circuit has cautioned against dismissing a pro se plaintiff's case without giving him the chance to amend the complaint. *Felton v. City of Chi.*, 827 F.3d 632, 636 (7th

Cir. 2016).  Accordingly, plaintiff may have a brief, one-month window of time to submit a proposed amended complaint that corrects the deficiencies described above and set forth a cognizable federal claim that can be adjudicated by this court.  Plaintiff should draft any amended complaint as if he were telling a story to someone who knows nothing about the events at hand, focusing on:  providing a timeline of the material events; identifying the specific defendants who are being sued; describing the specific, *personal* actions by each defendant that plaintiff believes constituted deliberate indifference and discrimination; and the ground(s) on which the alleged discrimination was based.  **Should plaintiff timely submit a proposed, amended complaint, the court will screen it and determine whether this case may proceed further.  Failure to do so with thirty (30) days will result in dismissal of his claims with prejudice.**

ORDER

IT IS ORDERED that the complaint filed by plaintiff Dwaun Fleming, Sr. is DISMISSED without prejudice for failure to satisfy the requirements of Federal Rule of Civil Procedure 8.  Plaintiff has until **January 3, 2025**, to file an amended complaint that corrects the deficiencies described above.  Plaintiff's failure to file an amended complaint by that deadline will cause the court to dismiss his claims with prejudice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

Entered this 4th day of December, 2024.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

4