IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DWAUN E. FLEMING, SR.,

                    Plaintiff,                                          ORDER

        v.
                                                                    24-cv-452-wmc

DIANA SIMMONS, LAURA SUKOWATY,
and GINA BUONO,

                    Defendants.

Plaintiff Dwaun Fleming, Sr., who is incarcerated and representing himself while incarcerated at Jackson Correctional Institution, is proceeding on Eighth Amendment and state-law negligence claims against defendants Diana Simmons, Laura Sukowaty, and Gina Buono for their alleged role in failing to ensure that plaintiff received a low bunk restriction at Dodge Correctional Institution to ameliorate the fall risks posed by his broken hand and associated pain. (Dkt. #16.) In March 2026, defendants moved for partial summary judgment on exhaustion grounds as to plaintiff's claims against defendant Buono. (Dkt. #26.) After three requests for an extension of his response deadline and allegedly encountering problems getting his documents copied by the prison librarian (*see* dkt. ##31, 34, and 38), plaintiff placed his response in the mail on or around May 1, and the court received it on May 11 (dkt. #37), but only after defendants had filed a reply noting plaintiff's lack of response (dkt. #35). To explain his delays, plaintiff has submitted a sworn declaration from a fellow inmate, Walter Smith, who avers that plaintiff suffers from several mental health impairments and learning disabilities and did not understand how to respond to the exhaustion motion or identify the Doe defendants, who were dismissed in

March (*see* dkt. ##24 and 29), until Smith explained the process to plaintiff and agreed to help plaintiff with his court filings. (Dkt. ##43-44.)

Now before the court are plaintiff's request that the court accept his late-filed response to defendants' exhaustion motion (dkt. #38), request for a copy of this court's screening order (dkt. #41), and motion to reinstate his deadline for identifying his Doe defendant based on defendants' failure to respond adequately to his November and December 2025 requests for production of documents, for which he also moves to compel defendants' responses (dkt. #43).  For their part, defendants have moved to stay the July 24 dispositive motion deadline until the court resolves the exhaustion motion.  (Dkt. #45.) Although plaintiff has delayed the discovery and exhaustion motion briefing process without sufficient reason or a clear explanation until now, the court finds his neglect excusable and will:  (1) accept plaintiff's late response to the exhaustion motion and set briefing for defendants' reply; (2) direct defendants to respond to plaintiff's combined motion to reinstate his deadline for identifying the Doe defendant and compel defendants' response to his discovery requests; and (3) grant defendants' motion to strike the dispositive motion deadline, which will be reset following the resolution of the parties' pending motions.

Accordingly, IT IS ORDERED that:

1)  Plaintiff Dwaun Fleming, Sr.'s motion for an extension of time to respond to defendant's exhaustion motion (dkt. #38) is GRANTED.

2) Defendants' reply to their motion for partial summary judgment on exhaustion is due August 3, 2026.

2

3) Defendants shall have until August 10, 2026, to respond to plaintiff's motion to reinstate his deadline for identifying Doe defendants and motion to compel (dkt. #43).

4) Plaintiff's request for a copy of the court's screening order (dkt #41) is GRANTED to the extent that the clerk's office is directed to mail plaintiff a copy of that order (dkt. #16).

5) Defendants' motion to strike the dispositive motions deadline (dkt. #45) is GRANTED and will be reset after the parties' pending motions are resolved.

Entered this 16th day of July, 2026.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge

3